FILED
4/20/2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

In The United States District Court
For The Northern District of Illinois
Eastern Division

John McCottrell
            plaintiff

RECEIVED

APR 0 9 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Vs.

15c 3208
Judge  Amy J. St. Eve
Magistrate Judge Sheila M. Finnegan
PC 6

Wexford Health Sources
Michael Lemke
Jerry Williams
Dr. Obaisi
S.A. Godinez
Unknown Jane and John Doe's

I

Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C. §
1983 to redress deprivations under color of State
law of rights secured by the Constitution of the
United States. This court has jurisdiction under
28 U.S.C. § 1331 and 1343(a)(3). Plaintiff seeks
declaratory relief pursuant to 28 U.S.C. § 2201 and
2202. Plaintiff also seeks injunctive relief

1

authorized by 28 U.S.C. §§ 2283, 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Northern District of Illinois, Eastern Division is an appropriate venue under 28 U.S.C. § 1391(b)(2) because Stateville Correctional Center, in Will County, Illinois is where the events giving rise to this complaint occurred.

## II
## Plaintiff

3. Plaintiff, John McCottrell, is at all times mentioned herein, is in the custody of the Illinois Department of Corrections. He is currently confined at Stateville Correctional Center, in Joliet, Illinois.

## III
## Defendants

4. Defendant Wexford Health Source, Inc. is the company contracted by the Illinois Department of Corrections to provide medical services to the individuals in the custody of the Illinois Department of Corrections at its various facilities.

2

It's being sued in its official capacity.

5. Defendant Michael henke, is at all times mentioned herein, the Warden at Stateville Correctional Center. He is legally responsible for the day to day operations at said facility. He is being sued in his individual and official capacities

6. Defendant Darry Williams, is at all times mentioned herein, the Warden at Stateville Correctional Center. He is legally responsible for the day to day operations at said facility. He is being sued in his individual and official capacities.

7. Defendant Obaisi, first name unknown, is at all times mentioned herein, the medical director at Stateville Correctional Center. He is responsible for all medical decisions at said facility. He is being sued in his individual and official capacities.

8. Defendant S.A. Godinez, is at all times mentioned herein, the Director of the Illinois Department of Corrections. He is legally responsible for the Department and each of the institutions under its jurisdiction including Stateville. He is being sued in

3

his individual and official

9. Defendants Unknown Jane and John Doe's are at
all times mentioned herein, employees of the Illinois
Department of Corrections assigned to various
positions at Stateville Correctional Center. They are
being sued in their individual and official capacities.

## IV
## Facts

10. On November 6 2013, a small altercation
between two inmates broke out in the cafeteria
at Stateville. Plaintiff was more than 50 feet
away from where said altercation took place,
seperated by a 20 foot high chain link fence.
Approximately 10 seconds had passed from the
time the altercation began and officers
seperated the two individuals and secured the
area. After safety and security was restored
defendant(s) unknown Jane and/or John Doe
began to indiscriminately shoot his or her
weapon into the cafeteria, in plaintiffs
direction, striking him in the neck and leg.
For the past two years since sustaining the

4

guns shot wound, plaintiff has been experiencing pain in his neck. (See grievance attached hereto as Exhibit B)

On October 17, 2014, plaintiff wrote a grievance regarding the deplorable living conditions he has been subjected to since his arrival at Stateville. Plaintiff alleged that the roach infestation, unsanitary showers, broken windows, lack of cleaning supplies and other deplorable living conditions add up to create an overall effect in violation of the Eighth Amendment. Furthermore, it is plaintiffs belief that the deplorable living conditions he has been subjected to are directly related to him being shot and lack of medical care. (See grievance attached hereto as exhibit C)

## V

## Exhaustion of Legal Remedies

11. Plaintiff used the grievance procedures available to him at Stateville Correctional Center to try and remedy the issues presented in this complaint. For every grievance plaintiff received an unfavorable response to he appealed said decision to the Administrative Review Board (See exhibits B and C)

## VI
## Legal Claims

### Count I
### Excessive Force

12. Plaintiff realleges and incorporates by reference paragraphs 1-11

13. Firing of shot gun after safety and security was restored following an altercation between two prisoners was not a good faith effort to maintain or restore discipline but, was in fact used maliciously and sadistically to cause harm in violation of the Eighth Amendment.

4. Excessive bail shall not be required nor excessive fines imposed, nor cruel and unusual punishments inflicted. United States Constitution. Amend VIII.

5. Use of excessive physical force against prisoner may constitute cruel and unusual punishment even though inmate does not suffer serious injury. Hudson v. McMillian 503 U.S. 1, 3 (1992)

6

16. Whenever prison officials stand accused of using excessive force in violation of the cruel and unusual punishments clause, core of judicial inquiry is whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Whitley v. Albers, 475 U.S. 312, 320-321 (1986)

17. What is necessary to show sufficient harm for purposes of cruel and unusual punishments clause, depends upon claim at issue, such that objective component of (Eighth) Amendment claim of prisoner is contextual and responsive to contemporary standards of decency. Estelle v. Gamble, 429 U.S. 97, 103 (1976)

18. In this case, plaintiff was in the cafeteria when an altercation between two inmates occurred. Plaintiff was more then fifty feet away from said altercation, seperated from/ by a twenty foot chain link fence.

19. Approximately 10 seconds had passed from the time the altercation began and officers seperated the two inmates and restored safety

and security.

20. The officers who had intervened in the altercation between the two inmates began to escort said inmates, who were now in handcuffs, out of the cafeteria.

21. At said time was when defendant unknown Jane or John Doe shot into the cafeteria striking plaintiff in the neck and leg.

22. There was absolutely no reason objective or subjective that could quantify that defendant Jane or John Doe's use of force was being applied in a good faith effort to maintain or restore discipline.

23. Because of defendant's deliberate, malicious, and sadistic use of force, plaintiff sustained gun shot wounds to his neck and leg in violation of the cruel and unusual punishments clause of the Eighth Amendment.

Count II
Deliberate Indifference

8

24. Plaintiff realleges and incorporates by reference paragraphs 1-11.

25 Defendants failure to provide plaintiff with proper medical treatment from injuries sustained in count I of this complaint amounts to cruel and unusual punishment.

26. Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. United States Constitution Amendment VIII

27. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. Estelle v. Gamble, 429 U S 97, 103 (1976)

28. Failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id at 104.

29 A delay in treating non-life threatening but painful conditions may constitute deliberate

9

indifference if the delay exacerbated the injury or unnecessarily prolonged an inmates pain. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir 2010)

30. The length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment. Id. at 640-641

31. Furthermore, a prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmates condition. Greeno v. Daley, 414 F.3d 653, 655 (7th Cir 2005).

32. Ever since plaintiff sustained the gun shot wound discussed in Count I of this complaint he has been experiencing excruciating pain in his neck and arm.

33. The pain has been so bad at time plaintiff believed he was having a stroke.

34. In addition, just about everyday since plaintiff sustained said gun shot wounds he has had trouble going to and staying asleep, due

10

to the pain in his neck and arm.

35. For the past 17 months plaintiff has been complaining to defendant Obaisi about said issue, only to have defendant Obaisi perscribe him tylenol, which has been completely ineffective at treating the pain.

36. It should be noted that prior to plaintiff sustaining said gunshot wounds he never had persistant neck and arm pain.

37. Because defendant Obaisi has willfully choosen a course of treatment he knows is ineffective plaintiff has been forced to endure excruciating neck and arm pain for the past 17 months.

## Count III
### Inhumane living Conditions

38. Plaintiff reallege and incorporates by reference paragraphs 1-11.

39. The totality of the inhumane and unsanitary

11

living conditions at Stateville Correctional Center add up to create an overall effect that is in violation of the cruel and unusual punishment doctrine of the Eighth Amendment.

40. Excessive bail shall not be required nor excessive fines imposed, nor cruel and unusual punishments inflicted. United States Constitution Amendment VIII

41. To challenge prison conditions using the 8th Amendment you must meet both the objective and subjective requirements. Farmer v. Brennan, 511 U.S. 875 (1994), Wilson v. Seiter, 501 U.S. 294 (1991)

42. To meet the objective standard you need to show that you were deprived of a basic human need or exposed to serious harm. Wilson, 501 U.S. at 298.

43. Under the subjective part of the test you must show that the prison official you are suing knew you were being deprived or harmed and did not respond reasonably. Id. at 299.

44 Only those deprivations denying "the minimal civilized measures of lifes necessities ... are

sufficiently grave to form the basis of an Eighth Amendment violation." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

45. Dilapidated housing units, contaminated water supply, infestation of vermin, insects and overcrowding combine to create a totality of conditions, indicate genuine issues as to deprivation of basic human needs. Williams v. Griffin, 952 F. 2d 820, 825-26 (4th Cir 1991)

## Count A III
## Dilapidated Housing Units

46. The living units known as "Bravo, Charlie, Delta and Edward House", consist of only one individual building, however, they are divided into four living units.

47. Plaintiff is currently housed in Delta house, which is unsafe due to the substantial risk of complete and/or partial collapse.

48. The structure of Delta, Bravo, Charlie, and Edward house(s) consist of a brick building which is

13

supported by sixty-four columns and a cement mixture, which establishes the foundation. The support columns are over five stories high, which connect the foundation to the building's roof.

49. All sixty-four support columns are visibly deteriorating with multiple cracks from the foundation extending all the way up to the roof which threatens to crumble and break away.

50. Not only are all sixty-four support columns cracked from the foundation to the roof, but the wall of bricks between the various support columns are deteriorating as well. One inch gaps with no filler or cement can be seen in plain view.

51. Because of the deteriorating foundation and support columns the entire building has shifted and leans slightly placing plaintiff at a substantial risk of imminent personal injury or death.

52. Furthermore, several other structures around stateville have deteriorating foundations and walls that need to be fixed.

14

## Sub Count B III
## Contaminated Water Supply

53. Stateville has a wretched history of supplying contaminated water to its employees and inmates.

54. The contaminated water supply at Stateville is for inmate drinking and for the cooking of all foods prepared by the kitchen.

55. Stateville water supply consists of excessive amounts of microbial contaminants such as viruses and bacteria, inorganic contaminants, such as salts and metals, pesticides and herbicides, such as various water runoffs, organic chemical contaminants, including synthetic and volatile organic chemicals, which are by products of industrial processes, petroleum production, and radioactive contaminants.

56. One specific contaminant in the water at Stateville is radium. When water containing radium is ingested a portion of the radium may remain in the bones. Radiation given off from the radium due to its high energy can cause damage to the surrounding tissue. A dose of 5 p.c./l ingested over

15

an extended period of time, may result in the development of bone cancer.

57. Another contaminant in Stateville's water supply are Alpha Emitters, which are erosions of natural deposits, and is also a cancerous element. Excessive levels of lead and copper can be found in the water supply as well.

58. These same bacteria and contaminants found in the water supply at Stateville are being utilized by Dietary in the preparation of foods and drinks that are consumed on a daily basis by plaintiff.

SubCount C III
Vermin and Insect Infestation

59. Birds are allowed to fly freely throughout the various living units and cafeteria, dropping feces while simultaneously chirping and singing very loud in the early morning hours.

60. Wild birds carry various communicable diseases, through the birds themselves as well

116

as through their feces, such as bird flu, fungi, lice, mites, parasites, spores, and various toxins all of which can cause varying human bodily injuries.

61. The bird population that lives in the cafeteria and Delta house presents a disease risk from organisms that grow in the accumulation of bird droppings.

62. There are several fungal diseases from bird dropping such as:

A. Histoplasmosis ~ This disease is transmitted to humans by airborne spores.

B. Psittacosis ~ A rare infection characterized by fatigue, fever, headache, rash, chills and sometimes pneumonia.

C. Alveolitus ~ Contracted by inhaling particles of bird dander.

D. Avian Influenza ~ Transmitted by coming in contact with infected bird fecal matter.

E. Campylobacteriosis ~ Bacterial infection that causes gastrointestinal problems.

63. Plaintiff also avers that Delta House has a vermin infestation that is not controlled at all

17

where mice roam in and out of cells regularly on a daily basis.

64. There are massive infestations of roaches and spiders, and other bugs that are in inmates cells and the shower area.

65. Defendants have been made aware of the birds and vermin but have failed to correct the problem.

Sub Count D III
Unsanitary Cells, Showers, and leaking Ceilings.

66. Many of the individual cells at Stateville, plaintiffs included are dirty and unsanitary, where adequate cleaning supplies are not distributed daily and/or on a regular basis to maintain cleanliness.

67. Dust is one of the most produced elements in any household. The amount of dust and dirt flowing from cell-to-cell have produced dust mites, which reproduce by the millions.

68. The failure to provide adequate cleaning supplies, where the cells are dirty and dirt is on the walls

18

and floor, it creates breeding grounds for dust mites, as well as other disease causing micro-organisms.

69. Once a week plaintiff is afforded the opportunity to obtain disinfectant to clean his cell. Said disinfectant is placed in a mop bucket, plaintiff must provide his own container for the disinfectant if he wants to clean his cell throughout the week.

70. Moreover, the mop bucket of disinfectant is suppose to supply all 29 cells on plaintiffs gallery but never does.

71. Plaintiff has made the defendants aware of the lack of cleaning supplies and they still have not taken corrective measures to subdue the filth and unsanitary cells.

72. The inmate showers in the living units are hazardous because colonies of toxic greens, white, and blacks mold are allowed to grow in / on and behind the bath tiles.

73. The side effects of toxic mold on a human beings health are lengthy. The most dangerous side effects

19

include chronic delays/delayed reactions, and these result from almost daily exposure building up over time and can range from neurological damage to the risk of cancer from exposure to certain mold toxins in the air and water.

74. Again the defendants have not attempted to seriously kill the mold growth in the inmate showers.

75. Water leaks within the ceilings of the various buildings around Stateville where a massive amount of mold is produced. Roofs that leak include:

A. Delta House
B. Charlie House
C. Bravo House
D. Edward House
E. Frank House
F. Law/General Library
G. School Building
H. Commissary
I. Personal Property
J. Gyms ect.

76. Furthermore, just recently the roof in the clothing room collapsed due to years of leaks and disrepair.

20

77. The roofs of all these buildings have fallen on staff and inmates. In some buildings, layers upon layers of mold are located within the ceiling and the items below them.

78. The defendants knew of these hazards throughout all these buildings, however, they have not made any real attempts to fix these leaks and mold problems.

79. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

VII
Prayer For Relief

Wherefore, plaintiff respectfully pray that this court enter judgment

80. Grant plaintiff a declaration that the acts and omissions described herein violate his rights under the constitution and laws of the United States, and

21

81. A preliminary and permanent injunction barring plaintiff from being housed at Stateville Correctional Center, until the conditions of confinement discussed in this complaint are rectified.

82. Compensatory damages in the amount of five thousand dollars (5,000.00), per each Defendant;

83. Punitive damages in the amount of eight thousand dollars (8,000.00), per each Defendant;

84. Damages for physical and mental suffering in the amounts of eight thousand dollars (8,000.00), per each Defendant;

85. Plaintiff also seeks a jury trial on all issues triable by jury.

86. Plaintiff also seeks recovery of cost in this suit, and

87. Any additional relief this court deems just, proper, and equitable.

April · 3 · 2015

Respectfully submitted
x John McCottrell

John McCottrell N00789
Stateville Correctional Center
P.O. Box 112
Joliet, Ill 60434

22

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief and as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.



# EXHIBIT

# B

D936

ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board**
**Return of Grievance or Correspondence**

Offender: _McCottrell_ _John_ MI _N00789_
Last Name / First Name / ID#

Facility: _Stateville CC_

☑ Grievance: Facility Grievance # (if applicable) _____ Dated: _11/6/13_ or ☐ Correspondence: Dated: _____

Received: _12/9/13_ Regarding: _Staff Conduct - shot during Chow on 11/6/13_
Date _by Officer in tower_

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
☑ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
☑ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.
☐ Provide dates of disciplinary reports and facility where incidents occurred.
☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL 62794-9277

**Misdirected:**
☐ Contact your correctional counselor regarding this issue.
☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
☐ Contact the Record Office with your request or to provide additional information.
☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL 62706

**No further redress:**
☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.
☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
☐ This office previously addressed this issue on _____.
☐ No justification provided for additional consideration.

**Inmate Issues**
JUL 0 2 2014

**Other** (specify): _____

Completed by: _Debbie Knauer_ _12/23/13_
Print Name / Signature / Date

Distribution: Offender / Inmate Issues    Printed on Recycled Paper    DOC 0070 (Rev.4/2013)



**Illinois
Department of
Corrections**

**Pat Quinn**
Governor

**S. A. Godinez**
Director

**Stateville Correctional Center
Route 53, P.O. Box 112
Joliet, IL 60434**

**Telephone: (815) 727 -3607
TDD: (800) 526-0844**

# M E M O R A N D U M

DATE:      June 11, 2014

TO:        John McCottrell – N00789
            Unit D-936

FROM:    Anna McBee
           Grievance Office

SUBJECT:  **<u>GRIEVANCE #902</u>**

     The attached grievance is being returned for the following reason:

_____   It needs to be rewritten and submitted to your counselor on the attached
          IDOC Offender's Grievance form.

\_\_X\_\_   It was not filed within 60 days of discovery of the incident, occurrence, or
          problem which gives rise to the grievance as required in DR 504F, Grievance
          Procedures for Committed Persons.

_____  Issue needs to be discussed with your counselor for possible resolution.

_____  No issue outlined in grievance.

_____   It appears that no attempt has been made to resolve the issue as required by DR
          504F.

_____  Issue is currently being reviewed by the Office. *You will receive a copy of the
          Grievance and decision when it is completed.

_____  Issue previously addressed on. No justification for further action.

_____  Other:

cc:     file

**Inmate Issues**

JUL 0 2 2014

ILLINOIS DEPARTMENT OF CORRECTIONS

**D -936**

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** _McCottrell_ _____ _John_ _____ _____ _N00789_
Last Name / First Name / MI / ID#

**Facility:** _Stateville CC_ _____

☒ Grievance: Facility Grievance # (if applicable) _____ Dated: _11/6/13_ or ☐ Correspondence: Dated: _____
Received: _7/2/14_ Regarding: _Staff - shot during chow 11/6/13_
Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL 62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____.
Date

☐ No justification provided for additional consideration.

**Other** (specify): _____

_____

Completed by: _____ Debbie Knauer _____ _Debbie Knauer_ _9/2/14_
Print Name / Signature / Date

Distribution: Offender
Inmate Issues

*Printed on Recycled Paper*

DOC 0070 (Rev.4/2013)

D936

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 11-6-13 | Offender: (Please Print) John McCottrell | GRIEVANCE OFFICE ID# N00789 |
|---|---|---|

| Present Facility: Stateville | Facility where grievance issue occurred: Stateville |
|---|---|

**NATURE OF GRIEVANCE:**

GRIEVANCE OFFICE

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment    MAR 2 4 2014
- [ ] Other (specify)
- [ ] Disability    STA #
- [ ] HIPAA    **3506**

- [ ] Disciplinary Report: ____/____/____
  Date of Report    STA #    902    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  **Chief Administrative Officer,** only if EMERGENCY grievance.
  **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** The U.S. Supreme Court held that a Guards use of force violates the Eight Amendment when it is not applied "in a good faith effort to maintain or restore discipline" but instead is used to "maliciously and sadistically cause harm" Hudson V. McMillian 503 US 1 (1992). Today while having lunch in the cafeteria I sustained a gun shot wound to the Neck and leg. While eating, a small altercation between two individuals broke out. The area where the fight broke out at and where I and the rest →

**Relief Requested:** Immediate and permanent transfer to Dixon and $300,000 in compensatory and punitive damages and a permanent Job.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| John McCottrell | N00789 | 11/6/13 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

| **Counselor's Response (if applicable)** |

| Date Received: 3/7/14 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

**Response:** Offender does not meet criteria due to MSR

Inmate Issues    ILLINOIS ISSUES

JUL 22 2014    DEC 09 2013

| David Winters | (signature) | 3/7/14 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| **EMERGENCY REVIEW** |

| Date Received: 11/26/13 | Is this determined to be of an emergency nature? [ ] Yes; expedite emergency grievance [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|

| (signature) | 11/26/13 |
|---|---|
| Chief Administrative Officer's Signature | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

of 9 Gallery in Delta House were eating is seperated by a 20 foot chain link fence. Furthermore, I was more than 50 feet from where said altercation was taking place. Approximately 10 second had passed from the time the altercation begun and officers seperated the two individuals and secured the area. It was only after safety and security was restored that the officer in the tower indiscriminately fired his gun in a downward direction at me and everyone else on 9 Gallery from Delta House. Additionally, it should be noted that the gun shot wound I sustained is only millimeters from my jugular vein. It's only by the Grace of God that it wasn't struck or I would have bled out and died.

D934

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** *McCottrell*          *John*                    *N00789*
Last Name          First Name          MI          ID#

**Facility:** *Stateville CC*

☑ Grievance: Facility Grievance # (if applicable) _____ Dated: *10/27/14*  or ☐ Correspondence: Dated: _____
Received: *11/14/14* Regarding: *Medical - treatment for neck & leg after shot*
Date                    *in cafeteria 11/6/13*

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:    Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL   62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL   62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☒ This office previously addressed this issue on *12/23/13, 9/2/14*
Date

☒ No justification provided for additional consideration.

**Other** (specify): _____

_____

Completed by:    **Debbie Knauer**          *Debbie Knauer*          *11/21/14*
Print Name                    Signature                    Date

Distribution:  Offender          *Printed on Recycled Paper*          DOC 0070 (Rev.4/2013)
Inmate Issues

OFFENDER'S GRIEVANCE

Date: 10-31-2014   Offender (Please Print): John McCottrell   ID#: N00185

Present Facility: Stateville C.C.   Facility where grievance issue occurred: Stateville C.C.

NATURE OF GRIEVANCE:

☐ Personal Property   ☐ Mail Handling   ☐ Restoration of Good Time   ☐ Disability
☑ Staff Conduct   ☐ Dietary   ☑ Medical Treatment   ☐ HIPAA
☐ Transfer Denial by Facility   ☐ Transfer Denial by Transfer Coordinator   ☐ Other (specify):
☐ Disciplinary Report _____
                        Date of Report ____   Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: Back on November 6, 2013 I was shot in the
neck and leg by an officer in the cafeteria. He and I
indiscriminately fired into the cafeteria after safety
and security was restored, following the alteration of
two inmates. Note: I wasn't involved in the alteration
and I was approximately 50 feet from it. Ever since
I sustained that gunshot wound I have been
experiencing neck and now pain. All most everyday I
have problem sleeping due to the pain. I've constantly
putting in medical request to see the doctor to explain
this issue. Medical refuses to allow physical to explain
this issue. I'm asking for better medical treatment and/or close
and care hundred doctor a day facility and physical discomfort.
For but received the proper medical treatment since I got shot.

Relief Requested: _____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[Signature] John McCottrell   N00185   10/31/2014
Offender's Signature   ID#   Date

(Continue on reverse side if necessary)

Counselor's Response (if applicable)

Date Received: _____   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

Print Counselor's Name _____   Counselor's Signature _____   Date of Response _____

EMERGENCY REVIEW

Date Received: _____
Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated.
Offender should submit this grievance in the normal manner.

[Signature] Tony Williams LD 11,7,14
Chief Administrative Officer's Signature   Date

Distribution: Master File; Offender   Page 1   DOC 0046 (Rev. 3/2005)   Printed on Recycled Paper

STATEVILLE C.C. GRIEVANCE OFFICE
NOV 8 2014
36889

RECEIVED
NOV 1 4 2014
Office Of Inmate Issues

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

to him about the pain and to just keep giving me
pain meds. The courts have said a delay in treating
non life threatening but painful conditions may
constitute deliberate indifference to the delay
exacerbated the injury or unnecessarily prolonged
the pain. McGowan v. Hulick, 612 F. 3d 636,
640 (7th Cir 2010 ). Furthermore a prison physician
cannot simply continue with a course of treatment
that he knows is ineffective in treating the inmate
condition. I'm not saying that a good treatment by
the medical isn't like the refusing or painless however to
be obvious action of continually prescribing my
pain meds when it is clear that they are not
working clearly constitutes deliberate indifference

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

D936

| Date: 10-27-2014 | Offender: (Please Print) John McCottrell | ID#: N00789 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

GRIEVANCE OFFICE
NOV 6 2014
STA# **3689**

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [✓] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [✓] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

- [ ] Disciplinary Report: ____/____/____ Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** Back on November 6 2013, I was shot in the Neck and leg by an officer in the cafeteria. He or she indiscriminately fired into the cafeteria after safety and security was restored, following an altercation of two inmates. Note: I wasn't involved in the altercation and I was approximately 50 feet from it. Ever since I sustained that gunshot wound I have been experiencing Neck and arm pain. All most everyday I have problem sleeping do to the pain. I'm constantly putting in Medical request to see the doctor to explain →

**Relief Requested:** I'm asking for better medical treatment. A MRI done and one hundred dollar a day for pain and physical discomfort for not receiving the proper medical treatment since I got shot.

- [✓] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| John McCottrell Offender's Signature | N00789 ID# | 10/27/2014 Date |
|---|---|---|

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 11/12/14

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: The original grievance has been given to the Grievance office and a copy has been forwarded to the Health Care Unit for review and response. You will receive a final response from the Grievance office when the Health Care Unit responds to same.

| David Mansfield CC2 Print Counselor's Name | David Mansfield CC2 Counselor's Signature | 11/12/14 Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: 11/7/14

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [✓] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Tarry Williams 48    11/7/14
Chief Administrative Officer's Signature          Date

Distribution: Master File; Offender
Page 1
Printed on Recycled Paper
DOC 0046 (Rev. 3/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

to him about the pain. And he just keep giving me
pain meds. The courts have said a delay in treating
non life threatening but painful conditions may
constitute deliberate indifference if the delay
excerrbated the injury or unnecessarily prolonged
inmate pain. McGowan v. Hulick, 612 F. 3d 636,
640 (7th Cir 2010). Furthermore a prison physician
cannot simply continue with a course of treatment
that he knows is ineffective in treating the inmate
conditions. I'm not saying that a gunshot wound to
the neck isn't life threatening or painless, however
Dr OBaisi's action of continually prescribing me
pain meds when it is clear that they are not
working clearly constitutes deliberate indifference



**Illinois**
**Department of**
**Corrections**

**Pat Quinn**
Governor

**S. A. Godinez**
Director

**Stateville Correctional Center**
**Route 53, P.O. Box 112**
**Joliet, IL  60434**

**Telephone: (815) 727 -3607**
**TDD: (800) 526-0844**

# M E M O R A N D U M

DATE:  12/15/14

TO:  McCottrell N00789

FROM:  Grievance Office

SUBJECT:  **Grievance #3645**
The attached grievance is being returned for the following reason:

\_\_\_\_\_  You may submit your grievance to the grievance office with the DR and summary or you may send grievances regarding tickets directly to the ARB with same attached.

\_\_**X**\_\_\_  It was not filed within 60 days of discovery of the incident, occurrence, or problem which gives rise to the grievance as required in DR 504F, Grievance Procedures for Committed Persons.  "Arrived in Stateville back in Sept or Oct of 2009."

_____  Submit to your cell house Counselor for response.

_____  Original GRIEVANCE required.

\_\_\_\_\_  Already addressed by Grievance Office/CAO at facility level.

_____  Issue is currently being reviewed by the Grievance Office. *You will receive a copy of the Grievance and decision when it is completed.
\_\_\_\_\_  Issue previously addressed GRIEVANCE Duplicate.
\_\_\_\_  Attach **commissary receipts**/**proof of purchase** otherwise ownership  for reimbursement cannot be substantiated. **Receipt must include date and price of purchase**.
\_\_\_**X**\_\_\_  Please F/U to see if he has received the items he lists in the body of the grievance and return. Thanks

cc:  file

RECEIVED

DEC 2 6 2014

Office Of Inmate Issues



ILLINOIS DEPARTMENT OF CORRECTIONS

D9 ¾p

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** *Mc Cottrell*     *John*     *N00789*
     Last Name        First Name      MI     ID#

**Facility:** *Stateville CC*

☐ Grievance: Facility Grievance # (if applicable) _____ Dated: *10/17/14*   or ☐ Correspondence: Dated: _____

Received: *12/26/14*   Regarding: *Conditions @ Stateville CC*
     Date

---

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:   Administrative Review Board
                                        Office of Inmate Issues
                                        1301 Concordia Court
                                        Springfield, IL   62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:   Illinois Prisoner Review Board
                            319 E. Madison St., Suite A
                            Springfield, IL   62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____.
                                              Date

☐ No justification provided for additional consideration.

**Other** (specify): _____

---

Completed by:     Debbie Knauer        *Debbie Knauer*       *1 / 20 / 15*
               Print Name                     Signature            Date

Distribution:   Offender                      *Printed on Recycled Paper*                           DOC 0070 (Rev.4/2013)
               Inmate Issues

P936

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 10-17-2014 | Offender: (Please Print) John McCottrell | ID#: N00289 |
|---|---|---|

| Present Facility: Stateville C.C | Facility where grievance issue occurred: Stateville C.C |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [✓] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [✓] Other (specify) Living conditions over crowded
- [ ] ADA Disability Accommodation
- [ ] HIPAA

GRIEVANCE OFFICE
OCT 23 2014

- [ ] Disciplinary Report: ____ / ____ / ____
       Date of Report                  Facility where issued

3318

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notice.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  **Chief Administrative Officer,** only if EMERGENCY grievance.
  **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

3646

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

The deplorable living conditions here at Stateville add up to create a single identifiable harm in violation of the Eighth Amendment Seiter V. Wilson 501 US 294, 305 (1991). Since I arrived at Stateville back in Sept or Oct of 2009 I have been subjected to the following living condition. Birds flying around the cell house Mice roaches spiders and other bugs infest the cell house. Cleaning supplies are not distributed on a regular basis there is mold in the shower the roof leaks causing more mold to built up. There is lead based paint

**Relief Requested:** One hundred dollar for each day I have been subjected to been here at Stateville C.C

[✓] Check **only** if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

John McCottrell                          N00289      10/17/2014
Offender's Signature                          ID#              Date

*(Continue on reverse side if necessary)*

---

**Counselor's Response** (if applicable)

Date Received: 10/29/14    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: The grievant has been at Stateville C.C. Since 8/20/09. The grievance is thus untimely.

David Mansfield CC2                    David Mansfield CC2        10/29/14
Print Counselor's Name                  Counselor's Signature       Date of Response

---

**EMERGENCY REVIEW**

Date Received: 10/23/14    Is this determined to be of an emergency nature?   [ ] Yes; expedite emergency grievance
  [✓] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Terry Williams                    RECEIVED             10/24/14
Chief Administrative Officer's Signature   DEC 26 2014              Date

Distribution: Master File; Offender                Page 1                         DOC 0046 (8/2012)
Printed on Recycled Paper    Office Of Inmate Issues

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

on the cell walls. The water supply is tainted. The buildings which serve as housing units are on the verge of collapse due to cracked foundations. Broken and malfunctioning windows. Malfunctioning plumbing, overcrowding and an understaff medical team. Since my arrival at Stateville I've been housed in X, F, B and D cell house and to some varying degrees all the above mentioned conditions are prevelent in each of the following cell house. Due to all these deplorable living conditions my health and safety are at jeoperdy as long as I'm at Stateville. French v. Owens, 777 F 2d 1250 7th Cir (1985)

# EXHIBIT

# C