UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN McCOTTRELL and DUSTIN CLAY, | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | No. 15 C 3208 |
| | ) | Judge Amy J. St. Eve |
| Correctional Officers MARCUS WHITE, LABARIN WILLIAMS, SALEH OBAISI, M.D., and WEXFORD HEALTH SOURCES, Inc., | ) ) ) ) | |
| Defendants. | ) | Trial by jury demanded |

## PLAINTIFFS' 1st AMENDED COMPLAINT

Plaintiffs John McCotttrell and Dustin Clay, by their attorneys PETER R. COLADARCI, LTD., complaining of defendants Correctional Officers Marcus White and Labarin Williams, Dr. Saleh Obaisi, M.D. and Wexford Health Sources, Inc., states:

### Jurisdiction and Venue

This action is brought, in part, pursuant to 42 USC §1983 for deprivation of plaintiff's constitutional civil rights; jurisdiction is therefore appropriate under 28 USC §§1331 and 1343.

The claims asserted herein arose in the Northern District of Illinois, and venue is therefore proper under 28 USC §1391(b).

### COUNT I

1. On November 6, 2013 and at all material times hereto, plaintiffs were inmates at Stateville Correctional Center, Joliet, Illinois and housed in "Delta House".

2. On November 6, 2013 and at all material times hereto, defendants

1

Correctional Officers Marcus White and LaBarin Williams were employed as guards at Stateville Correctional Center, Joliet, Illinois and were at all material times hereto acting under color of state law, and during the first shift were acting as the "catwalk officers" in Delta house.

3. On November 6, 2013 during the first shift, one or both of the defendants herein, committed one or more of the following acts of conscious disregard and deliberate indifference to the health, safety and Constitutional Rights of plaintiffs:

    a. After a confrontation between inmates in the prison cafeteria was resolved, un-necessarily fired a 12-gauge shot gun toward near where the plaintiffs were;

    b. Failed to provide a verbal warning of their intent to fire a 12-gauge shot gun;

    c. Failed to fire a warning shot into a nearby "shot box" provided for that purpose;

    d. Committed other acts of conscious disregard and deliberate indifference.

4. As a direct and proximate result of one or more of the foregoing acts, Plaintiffs were struck by several shotgun pellets in and about their and body whereby they suffered serious and permanent physical injuries, and as a further direct and proximate result of one or more of the foregoing acts and injuries, plaintiffs were deprived of rights under the 8th Amendment of the United States Constitution as implemented by the Civil Rights Act (42 USC §1983).

5. Pursuant to grievance procedures in place at the Stateville Correctional Center, plaintiffs duly exhausted applicable grievance procedures without obtaining due relief. 42 USC § 1997 (e).

WHEREFORE, plaintiffs respectfully requests that the Court enter judgments in their favor and against defendants White and Williams for an amount in excess of $100,000.00 in compensatory and punitive damages, plus attorneys fees and costs under applicable Civil Rights statutes and Federal Rules.

## COUNT II

1. At all material times hereto plaintiffs were inmates at the Stateville Correctional Center in Joliet, Illinois.

2. While incarcerated at Stateville Correctional Center on November 6, 2013 plaintiffs were struck by a shot gun fired by a Stateville Correctional Officer whereby buck shot became lodged in their bodies, which is a serious medical condition which requires surgery to be removed.

3. Defendant Saleh Obaisi was at all material times hereto Medical Director at Stateville Correctional Center, and is employed in that capacity by defendant Wexford Health Sources, Inc. and has seen and examined plaintiffs and their gunshot wounds, and was at all material times acting under color of state law.

4. Since November 2013 until the present defendant Obaisi committed one or more of the following acts of deliberate indifference to plaintiff's serious medical needs:

   a. Failed to refer plaintiffs to a surgeon or other specialist for surgical excision of buckshot presently lodged in their bodies although he knows they need surgery to remove the metal pellets;

   b. Failed to obtain a consultation for plaintiffs with a surgeon or other specialist regarding plaintiffs' gunshot wounds and embedded pellets although he

3

      knows they need surgery to remove them;

  c.  Failed to order necessary and proper tests and diagnostic evaluations of plaintiffs' gunshot wounds although he knew such tests and evaluations are necessary for the embedded buck shot to be removed from the plaintiffs' bodies;

  d.  Failed to initiate a "collegial review" of plaintiffs' cases with Wexford Health Sources, Inc. to consider whether they should have surgical repair of their gunshot wounds although he knows they needed surgery to remove the embedded buckshot;

  e.  Deliberately ignored and refused to document in plaintiffs' medical records their symptoms and complaints regarding the retained buckshot for fear of becoming engaged in litigation;

  f.  Was otherwise deliberately indifferent to plaintiffs' serious medical needs.

7.  As a direct and proximate result of one or more of the foregoing acts of deliberate indifference, plaintiffs have suffered from an embedded buckshot since November 6, 2013 to the present; whereby they have suffered pain and suffering, loss of a normal life, disability and emotional distress from the possibility of the buckshot traveling to some vital organ or part of their bodies, leading to further injury or death; Moreover, the foregoing are violations of plaintiffs' right to be free from cruel and unusual punishment under the 8th Amendment to the United States Constitution.

8.  Plaintiffs have exhausted all available administrative remedies pursuant to the Prison Litigation Reform Act, or are excused from exhausting those remedies because they are in urgent need of immediate medical care. 42 USC §1997 (e).

WHEREFORE, plaintiffs respectfully request this Court enter judgment in there favor and against defendant Obaisi, for compensatory and punitive damages in excess of $100,000.00; for a permanent injunction ordering defendant to order plaintiffs be evaluated by an off-site surgeon or other specialist for the buck shot embedded in their bodies; and for due attorneys fees and costs under the Civil Rights Statutes and Federal Rules of Civil Procedure.

### **COUNT III**

1. At all material times hereto plaintiffs were inmates at the Stateville Correctional Center in Joliet, Illinois.

2. While incarcerated at Stateville Correctional Center on November 6, 2013 plaintiffs were struck by a shot gun fired by a Stateville Correctional Officer whereby buck shot became lodged in their bodies, which is a serious medical condition and which requires surgery to be removed.

3. Defendant Wexford Health Sources, Inc. at all material times hereto was the medical services vendor at Stateville Correctional Center, having contracted with the Illinois Department of Corrections to provide medical care and treatment to Stateville inmates, including the plaintiffs, and was acting under color of state law.

4. Among the obligations undertaken by defendant Wexford was to refer inmates to off-site medical specialists for certain diagnostic tests and therapeutic treatments, including surgery, for serious medical needs and conditions which were beyond the capacity of the staff and equipment at Stateville Correctional Center Health Care Unit.

5. Since at least November 6, 2015 to the present, as a matter of formal policy and informal practice, defendant Wexford Health Sources, Inc. committed one or more of the following deliberately indifferent acts and omissions:

    a. Refused to refer inmates, including the plaintiffs, with serious medical conditions requiring surgical treatment to surgeons or other specialists although, through its agents and employees including defendant Obaisi, it knew they needed surgery to repair such serious medical conditions;

    b. Refused to refer inmates, with serious medical conditions, including the plaintiffs, for surgical consultations although, through its agents and employees including defendant Obaisi, it knew such consultations and surgery were necessary to repair and remove the buck shot embedded in their bodies;

    c. Deliberately ignored and refused to document plaintiffs' symptoms and complaints of embedded buck shot for fear of becoming engaged in litigation;

    e. Was otherwise deliberately indifferent to the serious medical needs of Stateville inmates, including plaintiffs.

6. As a direct and proximate result of one or more of the foregoing acts of deliberate indifference plaintiffs have suffered from embedded buckshot since November 6, 2013 to the present; whereby they have suffered pain and suffering, loss of a normal life, disability and emotional distress from the possibility of the buck shot traveling to some vital organ or part of their bodies, leading to further injury or death; Moreover, the foregoing are violations of plaintiff's right to be free from cruel and unusual punishment under the 8th Amendment to the United States Constitution.

7. Plaintiffs have exhausted all available administrative remedies pursuant to the Prison Litigation Reform Act, or are excused from exhausting

such remedies because he was in urgent need of immediate medical care. 42 USC §1997 (e).

WHEREFORE, plaintiffs respectfully requests this Court enter judgment in their favor and against defendant Wexford Health Sources, Inc. for compensatory and punitive damages in excess of $100,000.00; for a permanent injunction ordering defendant to order plaintiffs be evaluated by an off-site surgeon or other specialist for the buck shot embedded in their bodies; and for due attorneys fees and costs under the Civil Rights Statutes and Federal Rules of Civil Procedure.

## **COUNT IV**

1.      At all material times hereto plaintiffs were inmates at the Stateville Correctional Center in Joliet, Illinois.

2.      While incarcerated at Stateville Correctional Center on November 6, 2013 plaintiffs were struck by a shotgun fired by a Stateville Correctional Officer whereby buck shot became lodged in their bodies, which is a serious medical condition which requires surgery to be removed.

3.      Defendant Saleh Obaisi is presently Medical Director at Stateville Correctional Center, and is employed in that capacity by defendant Wexford Health Sources, Inc. and has seen and examined plaintiffs' gunshot wounds, and was all material times hereto an employee and agent of defendant Wexford Health Care Sources, Inc. and acting color of state law.

4.      Defendant Wexford Health Sources, Inc., for the purposes of fulfilling the obligations of its contract with the State of Illinois to provide medical care and services to

inmates in the custody of the Illinois Department of Corrections employed other physicians, physicians assistants, registered and practical nurses and others who saw and examined and treated plaintiffs and who were at all material times hereto and employees and agents of defendant Wexford Health Care Sources, Inc. and thus acting under color of state law.

7. Since November 6, 2015 defendant Obaisi, and other employees and agents of defendant Wexford committed one or more of the following acts of deliberate indifference to plaintiff's serious medical needs:

    a. Refused to refer inmates, including the plaintiffs, with serious medical conditions requiring surgical treatment to surgeons or other specialists although, through its agents and employees including defendant Obaisi, it knew they needed surgery to repair such serious medical conditions;

    b. Refused to refer inmates, with serious medical conditions, including the plaintiffs, for surgical consultations although, through its agents and employees including defendant Obaisi, it knew such consultations and surgery was necessary to repair and remove the buck shot embedded in their bodies;

    c. Deliberately ignored and refused to document plaintiffs' symptoms and complaints of embedded buck shot for fear of becoming engaged in litigation;

    e. Was otherwise deliberately indifferent to the serious medical needs of Stateville inmates, including plaintiffs.

8. As a direct and proximate result of one or more of the foregoing acts of deliberate indifference plaintiffs have suffered from an embedded buckshot since November 6, 2013 to the present; whereby they have suffered pain and suffering, loss of a normal life, disability and emotional distress from the possibility of the buck shot traveling to some vital organ or part of their bodies,

leading to further injury or death; Moreover, the foregoing are violations of plaintiff's right to be free from cruel and unusual punishment under the 8th Amendment to the United States Constitution.

8. Plaintiff has exhausted all available administrative remedies pursuant to the Prison Litigation Reform Act, or is excused from exhausting those remedies because he is in urgent need of immediate medical care. 42 USC §1997 (e).

WHEREFORE, plaintiff respectfully requests this Court enter judgment in his favor and against defendants Obaisi, Wexford Health Sources, Inc. for compensatory and punitive damages in excess of $100,000.00; for a permanent injunction ordering defendant to order plaintiffs be evaluated by an off-site surgeon or other specialist for the buck shot embedded in their bodies and for due attorneys fees and costs under the Civil Rights Statutes and Federal Rules of Civil Procedure.

*s/Peter R. Coladarci*

s/Peter R. Coladarci
ARDC #6183024
Attorney for Plaintiff
PETER R. COLADARCI, LTD.
134 N. LaSalle St.
Suite 1450
Chicago, Illinois
(312) 316-3673
Peterr.coladarci@sbcglobal.net