**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN McCOTTRELL, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 15-cv-3208 |
| | ) | |
| v. | ) | Hon. John Z. Lee |
| | ) | Judge Presiding |
| MARCUS WHITE, *et al.*, | ) | |
| | ) | Hon. Heather K. McShain |
| Defendants. | ) | Magistrate Judge |

<u>**DECLARATION OF LISA WILLIAMS**</u>

I, Lisa Williams**,** being first duly sworn under oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1.      My name is Lisa Williams and I have been employed by the Illinois Department of Corrections ("IDOC") since February 16, 1999. I am currently the Assistant Warden of Operations at Western Illinois Correctional Center ("Western").

2.      As an Assistant Warden, I oversee the operations of the facility.

3.      There is limited equipment for video conferences and video depositions for inmates at the facility.

4.      There is only one video coordinator for the entire state of Illinois who helps set up the video conferencing for the inmates.

5.      On occasion, I work with the video coordinator.

6.      There is only one litigation coordinator at Western.

7.      Western is currently short staffed. By allowing inmates to observe employee depositions when they are represented by counsel, the facility would be paying overtime or pulling from other areas of the facility leaving areas dangerously low on security.

8.     Allowing individuals in custody to question employees at depositions will heighten tension within the prison by giving those individuals a means to interact with employees outside of their designated hierarchy and roles, and will inevitably instigate conversation outside of the controlled facility environment that is designed to maintain order.

9.     Individuals in custody will be eager to question facility employees, particularly given their already litigious nature, and the nature of incarceration and dynamics between those individuals and the facility employees.

10.     Allowing individuals in custody to take and attend the depositions of prison employees as a routine practice would be highly disruptive of prison administration because it would undermine the relationship between staff and individuals in custody as well as utilizing facility resources that could be prioritized elsewhere.

11.     Allowing an individual in custody to listen to personal information of a staff member, such as the type of information disclosed in a deposition, has been known to negatively affect the staff member mentally. Staff members have become paranoid wondering if an individual will begin to harass them through friends and/or family members.

12.     Allowing individuals in custody to listen to personal information of a staff member would be putting that staff member in danger. Many who are incarcerated send information to friends and/or family members to look up regarding staff members and gather information on social media.  Staff are trained to keep their personal lives personal and not discuss personal information with individuals in custody.

13.     Any information an individual in custody obtains about a staff member will likely be passed around to other individuals in custody, which puts the staff member in more danger.  I have witnessed this on numerous occasions in my career.

I declare under penalty of perjury that the foregoing is true and correct.

Lisa Williams
**Assistant Warden of Operations**

December 21, 2021